Howard J. Steinberg (SBN 89291)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, California  90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Joseph P. Davis (*admitted pro hac vice*)
GREENBERG TRAURIG, LLP
One International Place
Boston, Massachusetts  02110
Telephone: (617) 310-6000
Facsimile: (617) 310-6001

Nancy A. Mitchell (*admitted pro hac vice*)
Paul T. Martin (*admitted pro hac vice*)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York  10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Salus Capital Partners, LLC, Salus CLO 2012-1, LTD,
DCP Linens Lenders, LLC and Downtown Capital
Partners, LLC*

Jeffry A. Davis (SBN 103299)
jdavis@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, California 92130
Tel:   858-314-1500
Fax:   858-314-1501

Laurence Schoen (admitted *pro hac vice*)
lschoen@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
One Financial Center
Boston, Massachusetts 02111
Tel:   617-542-6000
Fax:   617-542-2241

*Attorneys for Defendant Fidelity & Guaranty Life Insurance Company*

NOTICE OF MOTION TO WITHDRAW THE REFERENCE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 8:16-cv-00227 |
| ANNA'S LINENS, INC. | Bky. Case No. 8:15-bk-13008-TA |
| Debtor. | Chapter 11 |
| P & A MARKETING, INC., PANDA HOME FASHIONS LLC, SHEWAK LAJWANTI HOME FASHIONS, INC. DBA S.L. HOME FASHIONS, INC., and WELCOME INDUSTRIAL CORPORATION | Adv. Case No. 8:15-ap-01482-TA |
| Plaintiffs, | **NOTICE OF MOTION AND JOINT MOTION OF DEFENDANTS SALUS CAPITAL PARTNERS, LLC, SALUS CLO 2012-1, LTD, DCP LINENS LENDERS, LLC, DOWNTOWN CAPITAL PARTNERS, LLC, AND FIDELITY & GUARANTY LIFE INSURANCE COMPANY FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| ANNA'S LINENS, INC., ALAN GLADSTONE, SCOTT GLADSTONE, LOREN PANNIER, KEVIN REILLY, SHEPHERD PRYOR, J.E. RICK BUNKA, JANET GROVE, SALUS CAPITAL PARTNERS, LLC, SALUS CLO 2012-1, LTD, DCP LINENS LENDERS, LLC, DOWNTOWN CAPITAL PARTNERS, LLC, FIDELITY & GUARANTY LIFE INSURANCE COMPANY, and Does 1-25, | |
| Defendants. | **Hearing:**<br>DATE:      [TBD]<br>TIME:      [TBD]<br>PLACE:   [TBD] |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on the date and time set forth above, Defendants Salus Capital Partners, LLC ("**Salus**"), Salus CLO 2012-1, Ltd. ("**Salus CLO**"), DCP Linens Lender, LLC ("**DCP**") and Downtown Capital Partners, LLC ("**Downtown Capital**"), joined by Fidelity & Guaranty Life Insurance Company ("**FGL**" and collectively, the "**Non-Insider Defendants**") will move the United States District Court, Central District of Caliornia (the "**Court**") located at 411 West Fourth Street, Santa Ana, California, 92701, for an order withdrawing the reference from the United States

1

NOTICE OF MOTION TO WITHDRAW THE REFERENCE

Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**") of the claims asserted against the Non-Insider Defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

This motion is made pursuant to 28 U.S.C. §§ 157(c), (d) and (e), and Rules 5011, 9015 and 9033 of the Federal Rules of Bankruptcy Procedure on the grounds that withdrawal of the references is both permissive and warranted because, among other things:  (i) it will promote judicial efficiency because (a) any determination by the Bankruptcy Court will be subject to *de novo* review, (b) the Non-Insider Defendants do not consent to the Bankruptcy Court conducting a jury trial, (c) this Court is better suited to hear the Adversary Proceeding in the first instance, and (d) Bankruptcy Court expertise is not necessary to resolve this matter; (ii) it will prevent delay and minimize costs; and (iii) the uniformity of bankruptcy administration will be maintained.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, and on such further oral and documentary evidence as may be presented at the hearing of this motion.

DATED:  February 9, 2016

GREENBERG TRAURIG, LLP

By: /s/ *Howard J. Steinberg*
    HOWARD J. STEINBERG
    *Attorneys for Salus Capital Partners, LLC,*
    *Salus CLO 2012-1, Ltd., DCP Linens*
    *Lenders, LLC and*
    *Downtown Capital Partners, LLC*

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.

By: /s/ *Jeffrey A. Davis*
    JEFFREY A. DAVIS
    *Attorneys for Fidelity & Guaranty Life*
    *Insurance Company*

BOS 47932199v10

1       *Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that* Jeffrey A.
2  Davis*, on whose behalf this filing is jointly submitted, has concurred in this filing's*
3  *content and has authorized me to file this document.*

4                                          By:   */s/  Howard J. Steinberg*

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION TO WITHDRAW THE REFERENCE

*BOS 47932199v10*

# <u>TABLE OF CONTENTS</u>

Preliminary Statement ................................................................................................. 1

Factual Background ..................................................................................................... 2

    I.      Anna's Files For Bankruptcy ................................................................ 2

    II.     The Plaintiffs' Adversary Proceeding ................................................ 2

Argument ..................................................................................................................... 4

    I.      Judicial Efficiency ................................................................................. 5

          A.      Any Determination By The Bankruptcy Court Will Be Subject To De Novo Review ................................................... 5

          B.      The Non-Insider Defendants Do Not Consent To The Bankruptcy Court Conducting A Jury Trial ......................... 9

          C.      The District Court Is Better Suited To Hear This Case In The First Instance ................................................................. 10

          D.      Bankruptcy Expertise Is Not Necessary To Resolve This Matter ...... 11

    II.     Delay And Cost To The Parties ........................................................... 12

    III.    Uniformity Of Bankruptcy Administration ....................................... 14

    IV.   Forum Shopping ................................................................................... 14

Conclusion ................................................................................................................ 15

BOS 47932199v10

# <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Beard v. Braunstein*,
914 F.2d 434 (3d Cir. 1990) ...................................................................9

*In re Big V Holding Corp.*,
No. 00-04372(RTL), 2002 WL 1482392 (D. Del. July 11, 2002) ...................9

*In re Braniff Int'l Airlines, Inc.*,
159 B.R. 117 (E.D.N.Y. 1993) .................................................................10

*In re Canter*,
299 F.3d 1150 (9th Cir. 2002) ..................................................................4

*In re Castlerock Props.*,
781 F.2d 159 (9th Cir. 1986) ...................................................................6

*In re Chateaugay Corp.*,
193 B.R. 669 (S.D.N.Y. 1996) ...............................................................11

*In re Cinematronics, Inc.*,
916 F.2d 1444 (9th Cir. 1990) .............................................................7, 9

*In re Complete Mgmt., Inc.*,
No. 01-03459, 2002 WL 31163878 (S.D.N.Y. Sept. 27, 2002) ..................10

*In re Daewoo Motor Am., Inc.*,
302 B.R. 308 (C.D. Cal. 2003) ..............................................................13

*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*,
462 B.R. 457 (S.D.N.Y. 2011) .....................................................12, 14, 15

*Dunmore v. United States*,
358 F.3d 1107 (9th Cir. 2004) ..................................................................7

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*,
905 F. Supp. 2d 526 (S.D.N.Y. 2012) .......................................................12

*Field v. Albright (In re Maui Indus. Loan & Fin. Co.)*,
Case No. 10-00235, Adv. No. 10-90121, 2012 WL 405056 (Bankr. D.
Haw. Feb. 8, 2012)...................................................................................5

*In re FMG, Inc.*,
No. 91 C 6018, 1991 WL 230390 (N.D. Ill. Oct. 28, 1991)........................7

*In re Gulf States Long Term Acute Care of Covington, L.L.C.*,
455 B.R. 869 (E.D. La. 2011)..................................................................10

*Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*,
   107 B.R. 34 (D. Del. 1989) ............................................................................. 8

*Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*,
   355 B.R. 214 (D. Haw. 2006) .......................................................................... 6

*Lead I JV, LP v. N. Fork Bank*,
   401 B.R. 571 (E.D.N.Y. 2009) ........................................................................ 7

*In re Leedy Mortg. Co., Inc.*,
   62 B.R. 303 (E.D. Pa. 1986) .......................................................................... 11

*Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman
   Bros. Holdings, Inc.),*
   480 B.R. 179 (Bankr. S.D.N.Y. 2012) ............................................................ 5

*M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*,
   No. 08-CV-1982, 2008 WL 2596322 (S.D.N.Y. June 26, 2008) ................... 10

*In re NDEP Corp.*,
   203 B.R. 905 (D. Del. 1996) .................................................................. 9, 11, 12

*In re New 118th LLC*,
   396 B.R. 885 (Bankr. S.D.N.Y. 2008) ............................................................ 7

*In re Nw. Inst. of Psychiatry, Inc.*,
   268 B.R. 79 (Bankr. E.D. Pa. 2001) ............................................................ 6, 9

*In re O'Hanneson*,
   No. 12-53343 ASW, 2013 WL 655158 (N.D. Cal. Feb. 21, 2013) ................. 8

*Oliner v. Kontrabecki*,
   No. ADV NO 03-3264 DM, 2006 WL 3646789 (N.D. Cal. Dec. 12,
   2006) ................................................................................................................ 5

*In re Pacers, Inc.*,
   No. 11-CV-1401-L BGS, 2012 WL 947956 (S.D. Cal. Mar. 20, 2012) ....... 12

*Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*,
   124 F.3d 999 (9th Cir. 1997) ....................................................... 4, 5, 6, 7, 8, 14

*Solutia Inc. v. FMC Corp.*,
   No. 04 CIV. 2842(WHP), 2004 WL 1661115 (S.D.N.Y. July 27, 2004) ...... 14

*Steege v. N. Trust Bank/O'Hare, N.A.*,
   No. 96 C 742, 1996 WL 332428 (N.D. Ill. June 13, 1996) ............................ 9

*Stern v. Marshall*,
   564 U.S. 2 (2011) ............................................................................................ 5

MOTION TO WITHDRAW THE REFERENCE

*In re Tamalpais Bancorp,*
   451 B.R. 6 (N.D. Cal. 2011) ................................................................5, 13

*In re Transcon Lines,*
   121 B.R. 837 (C.D. Cal. 1990) .............................................................7, 10

*United States v. One Parcel of Real Prop., Commonly Known as Star Route
   Box 1328, Glenwood, Washington Cty., Or.,*
   137 B.R. 802 (D. Or. 1992) ..................................................................6, 11

*Vacation Vill., Inc. v. Clark Cty., Nev,*
   497 F.3d 902 (9th Cir. 2007) .......................................................................4

*Veys v. Riske,*
   No. C07-5625BHS, 2007 WL 4246172 (W.D. Wash. Nov. 28, 2007)..........12, 13

*Waldman v. Stone,*
   698 F.3d 910 (6th Cir. 2012) .......................................................................5

*In re Zante, Inc.,*
   No. 3:10-CV-00231-RCJ, 2010 WL 5477768 (D. Nev. Dec. 29, 2010).............8

*In re Zinkova,*
   No. C12-778 MJP, 2012 WL 1865701 (W.D. Wash. May 21, 2012)...............7

**Federal Statutes**

28 U.S.C. § 157(b)(2)..................................................................................7, 8

28 U.S.C. § 157(d) ..........................................................................................4

28 U.S.C. § 157(e) ..........................................................................................9

**Federal Rules**

Fed. R. Civ. P. 12(b)(1).................................................................................13

Fed. R. Civ. P. 12(b)(6).................................................................................13

**Local Rules**

General Order No. 13-05 ..................................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Salus Capital Partners, LLC ("**Salus**"), Salus CLO 2012-1, Ltd. ("**Salus CLO**"), DCP Linens Lender, LLC ("**DCP**") and Downtown Capital Partners, LLC ("**Downtown Capital**"), joined by Fidelity & Guaranty Life Insurance Company ("**FGL**", collectively, the "**Non-Insider Defendants**"), respectfully submit this Memorandum of Points and Authorities in support of their motion (the "**Motion**") for withdrawal of the reference to the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**") of the claims asserted against the Non-Insider Defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

### Preliminary Statement[1]

This is a garden-variety state law case that will turn almost entirely on principles of state common law and equity.  With the exception of a single count for equitable subordination, the Complaint asserts only non-core causes of action brought by non-debtors against non-debtors that will inevitably have to be relitigated *de novo* before the District Court.  That includes a significant motion to dismiss for lack of Bankruptcy Court jurisdiction and failure to state a claim – the very sort of motion that the District Court is ideally suited to address in the first instance.  The Plaintiff Vendors have also demanded a jury trial, which cannot be conducted by the Bankruptcy Court without the consent of the Non-Insider Defendants, who do not so consent.  Further, this matter remains in its earliest stages in the Bankruptcy Court, so there is no delay caused by withdrawing the reference now.  Indeed, litigating these issues once before the District Court – rather than twice, before the Bankruptcy Court and then again in the District Court – would be far more efficient and respectful of judicial resources.  The reference to the Bankruptcy Court as to the claims asserted against the Non-Insider Defendants in the Adversary Proceeding should be withdrawn.

---

[1] Capitalized terms not otherwise defined in the Preliminary Statement shall have the meanings ascribed to them below.

BOS 47932199v10

### Factual Background

I.      **Anna's Files For Bankruptcy**

Anna's Linens, Inc. (the "**Debtor**"), opened its first store in 1987 as a specialty retailer offering high-quality and stylish home textiles, furnishings, and décor at attractive prices.  Over the next twenty-five years, Anna's achieved substantial success as it branched out to more than 300 hundred stores across the United States.  However, beginning in 2011, Anna's started experiencing financial and operational challenges, which ultimately lead to a default with the Debtor's long-time lender, MFUG Union Bank, N.A. ("**Union Bank**").  In order to refinance the Debtor's obligations to Union Bank, the Debtor entered into a credit agreement (the "**Credit Agreement**") on July 18, 2014 with certain of the Non-Insider Defendants, namely Salus, Salus CLO and DCP (collectively, the "Lenders"), which provided an $80 million line of credit (the "**Credit Facility**") to the Debtor.  Defendants FGL and Downtown Capital were not parties to the Credit Agreement and are misidentified as Lenders in the Amended Complaint.

Over the course of the next year, the Debtor's financial situation deteriorated resulting in the Debtor defaulting under the Credit Agreement.  Following negotiations between the Debtor and the Lenders in the Spring of 2015, the Lenders agreed to waive the Debtor's defaults through an amendment to the Credit Agreement premised upon the Debtor's implementation of its proposed turnaround plan.[2]  However, the Debtor failed to execute its turnaround plan.

Accordingly, on June 14, 2015 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Bankruptcy Court.

II.     **The Plaintiffs' Adversary Proceeding**

On December 30, 2015, certain of the Debtor's merchandise vendors (the "**Plaintiffs**") initiated the Adversary Proceeding in the Bankruptcy Court by filing a

---

[2] Once again, defendants FGL and Downtown Capital were not parties to the amendment.

MOTION TO WITHDRAW THE REFERENCE

BOS 47932199v10

complaint [Adv. Docket No. 1] (the "**Complaint**", and as amended by the Plaintiff Vendors on January 15, 2016 [Adv. Docket No. 7], the "**Amended Complaint**") against certain of Anna's directors and officers (the "**Insider Defendants**") and the Non-Insider Defendants. The Amended Complaint is entirely premised on facts that occurred before Anna's bankruptcy filing and generally alleges that the Plaintiffs were damaged by manufacturing and shipping inventory to the Debtor in reliance on allegedly fraudulent statements made by the Insider Defendants concerning the Debtor's financial problems. The Amended Complaint further alleges that the Non-Insider Defendants assisted the Insider Defendants in their allegedly tortious conduct. To that end, the Amended Complaint asserts nine causes of action: (i) Count 1 – claim against the Insider Defendants for fraud; (ii) Count 2 – claim against the Insider Defendants for negligent misrepresentation; (iii) Count 3 – claim against the Insider Defendants for breach of the implied covenant of good faith and fair dealing; (iv) Count 4 – derivative claim against the Debtor and the Insider Defendants for breach of fiduciary duty; (v) Count 5 – claim against the Non-Insider Defendants for aiding and abetting fraud; (vi) Count 6 – derivative claim against the Non-Insider Defendants for aiding and abetting breach of fiduciary duty; (vii) Count 7 – derivative claim against the Debtor and the Non-Insider Defendants for breach of fiduciary duty; (viii) Count 8 – claim against the Non-Insider Defendants for unjust enrichment; and (ix) Count 9 – claim against the Non-Insider Defendants for equitable subordination. With the sole exception of the Plaintiffs' claim for equitable subordination (Count 9), the entirety of the Amended Complaint is premised on run-of-the-mill tort claims asserted by non-debtors against non-debtors. The Plaintiffs also demand a jury trial as to all causes of action and issues in the Amended Complaint so triable.

The Adversary Proceeding remains in its earliest stages. While the Non-Insider Defendants intend to bring motions to dismiss the Amended Complaint for lack of Bankruptcy Court jurisdiction and failure to state a claim, the Non-Insider Defendants have not yet responded to the Amended Complaint filed by the Plaintiffs on January 15,

2016.  Nor have the parties even submitted a discovery plan yet and the initial status conference for the Adversary Proceeding is not scheduled to be held until April 7, 2016. The Non-Insider Defendants will not consent to the Bankruptcy Court conducting a jury trial, entering final judgment, or otherwise exercising judicial powers reserved for Article III judges.

<u>**Argument**</u>

The United States District Court for the Central District of California (the "**District Court**") automatically refers to the Bankruptcy Court "all cases under Title 11, and all proceedings arising under Title 11 or arising in or related to a case under Title 11."  *See* General Order No. 13-05 (*Reference of Cases and Proceedings to the Bankruptcy Judges of the Central District of California, and Reference of Appeals to the Bankruptcy Appellate Panel*), entered on July 1, 2013.  Under 28 U.S.C. § 157(d), however, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

In determining whether "cause" for withdrawal exists in the Ninth Circuit, the District Court should "consider the following: the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  *Vacation Vill., Inc. v. Clark Cty., Nev*, 497 F.3d 902, 914 (9th Cir. 2007) (quoting *In re Canter*, 299 F.3d 1150, 1154 (9th Cir. 2002)); *see also Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997).  In this case, every applicable factor supports the conclusion that the reference should be withdrawn.  On its merits, this dispute has nothing to do with bankruptcy law and would be far more efficiently dealt with in the District Court in the first instance.

MOTION TO WITHDRAW THE REFERENCE

BOS 47932199v10

# I.     Judicial Efficiency

## A.     *Any Determination By The Bankruptcy Court Will Be Subject To De Novo Review*

It is black-letter law that bankruptcy courts, as non-Article III courts, do not have constitutional authority to enter final orders on garden-variety state law claims between non-debtor parties.  *See Stern v. Marshall*, 564 U.S. 2 (2011); *see also, e.g.*, *Waldman v. Stone*, 698 F.3d 910, 922 (6th Cir. 2012) (holding that bankruptcy court lacked authority to enter a final judgment on fraud claim); *Lehman Bros. Holdings Inc. v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings, Inc.)*, 480 B.R. 179, 190-91  (Bankr. S.D.N.Y. 2012) (holding that bankruptcy court lacked authority to enter final judgment on fraud, fraudulent transfer, unjust enrichment, and conversion claims); *Field v. Albright (In re Maui Indus. Loan & Fin. Co.)*, Case No. 10-00235, Adv. No. 10-90121, 2012 WL 405056, at *4 (Bankr. D. Haw. Feb. 8, 2012) (holding that bankruptcy court did not have authority to enter a final order on unjust enrichment claim).    Therefore, in deciding whether to withdraw the reference, courts first examine whether the bankruptcy court lacks authority to issue a final order, thus necessitating eventual *de novo* review by the district court.  *See In re Tamalpais Bancorp*, 451 B.R. 6, 10 (N.D. Cal. 2011).

This question is paramount because "[i]nasmuch as a bankruptcy court's determinations on non-core matters are subject to *de novo* review by the district court, unnecessary costs could be avoided by a single proceeding in the district court."  *Sec. Farms*, 124 F.3d at 1009 (citing authority); *Oliner v. Kontrabecki*, No. ADV NO 03-3264 DM, 2006 WL 3646789, at *2 (N.D. Cal. Dec. 12, 2006) (explaining that failing to withdraw claims subject to *de novo* review "arguably leads to a waste of judicial and other resources.").   Even when such a claim is in the preliminary stages, withdrawal promotes judicial economy because "[f]ailure to withdraw the reference . . . could lead to a future appeal in which a district court will be tasked with reviewing the bankruptcy court's decision *de novo*."  *Tamalpais Bancorp*, 451 B.R. at 11.

MOTION TO WITHDRAW THE REFERENCE

Consistently, whether a proceeding is "core" or "non-core" is essential to the *de novo* review analysis.  *See In re Nw. Inst. of Psychiatry, Inc.*, 268 B.R. 79, 85 (Bankr. E.D. Pa. 2001) ("While there are a number of factors to be considered in adjudicating a motion to withdraw the reference, the first and most important criteria is whether the litigation presents a core or non-core matter.").  That is because the powers of the district court and the bankruptcy court vary with respect to each type of proceeding:

> In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court. . . .  In contrast to the bankruptcy court's authority in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court.

*In re Castlerock Props.*, 781 F.2d 159, 161 (9th Cir. 1986) (internal citation omitted).

For these reasons, it is generally more efficient for a proceeding to remain in the bankruptcy court when it involves core issues, but to be withdrawn to the district court when it involves non-core matters.  *Compare Hawaiian Airlines, Inc. v. Mesa Air Group, Inc.*, 355 B.R. 214, 223 (D. Haw. 2006) ("The existence of core matters weighs in favor of resolution of the adversary proceeding by the bankruptcy court.") *with United States v. One Parcel of Real Prop., Commonly Known as Star Route Box 1328, Glenwood, Washington Cty., Or.*, 137 B.R. 802, 807 (D. Or. 1992) ("the fact that these cases are related [non-core] proceedings rather than core proceedings weighs heavily in favor of withdrawing the cases from the bankruptcy court . . . .").  Otherwise, the parties must litigate the non-core proceedings to conclusion in the bankruptcy court, only to turn around and relitigate the conclusion on *de novo* review before the district court.  For obvious reasons, this is an unnecessary drain on judicial resources.  See *Sec. Farms*, 124 F.3d at 1008–09.

Here, the District Court should withdraw the reference because, other than a single equitable subordination claim, the entire substance of this dispute is non-core.  *See, e.g.*, *Sec. Farms*, 124 F.3d at 1008–09 (affirming withdrawal of reference because substance

MOTION TO WITHDRAW THE REFERENCE

BOS 47932199v10

of dispute was non-core); *In re Transcon Lines*, 121 B.R. 837, 838 (C.D. Cal. 1990) (granting motion to withdraw the reference because claims were non-core); *In re Zinkova*, No. C12-778 MJP, 2012 WL 1865701, at *2 (W.D. Wash. May 21, 2012) (same).  The Adversary Proceeding primarily consists of state common law claims (*e.g.*, fraud, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, aiding and abetting fraud, aiding and abetting breach of fiduciary duty and unjust enrichment) brought by non-debtors against non-debtors in relation to events that occurred prior to the commencement of this chapter 11 case.  Such state law claims are not listed amongst the sixteen types of core claims enumerated in 28 U.S.C. § 157(b)(2).  The Ninth Circuit has held that a claim is non-core if it "do[es] not depend on the Bankruptcy Code for [its] existence and [it] could proceed in another court."  *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (citing *Sec. Farms*, 124 F.3d at 1008).  Further, all of the allegations in the Amended Complaint are premised on facts that predate Anna's bankruptcy filing.  Such state law claims involving alleged pre-petition conduct have traditionally and consistently been held to be non-core.  *See In re Cinematronics, Inc.*, 916 F.2d 1444, 1450 (9th Cir. 1990) (holding that state law claims against non-debtor are non-core); *Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 581 (E.D.N.Y. 2009) (holding that "purely state law claims between nondebtors sounding in tort and contract" were non-core claims because "[t]hey are not claims that invoke substantive rights created by federal bankruptcy law nor are they claims that would be incapable of existence absent the bankruptcy case."); *In re New 118th LLC*, 396 B.R. 885, 890 (Bankr. S.D.N.Y. 2008) (holding that "[t]he Court plainly lacks core jurisdiction" because "[t]he cause of action did not arise under title 11, and did not arise in this bankruptcy case.  **It is a garden-variety state law claim between non-debtor parties.**") (emphasis added); *In re FMG, Inc.*, No. 91 C 6018, 1991 WL 230390, at *1 (N.D. Ill. Oct. 28, 1991) (holding that claims for breach of contract, breach of fiduciary duty and defamation were non-core: "Indeed, such state law claims have traditionally and consistently been found to be non-core in nature due to their tenuous relationship to a

bankruptcy case."); *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.*, 107 B.R. 34, 39 (D. Del. 1989) ("The adversary proceedings in this case constitute a 'non-core proceeding' as that term is used in 28 U.S.C. § 157(b)(2) because the state contract and tort claims do not involve any interpretation of the Bankruptcy Code . . . ."). The state law claims against the Non-Insider Defendants fit this definition precisely.

The presence of the single count of equitable subordination does not affect the outcome. Even when a cause of action is brought under the Bankruptcy Code, district courts still withdraw the reference where other claims asserted deprive the bankruptcy court of authority to enter a final order. *See In re O'Hanneson*, No. 12-53343 ASW, 2013 WL 655158, at *4 (N.D. Cal. Feb. 21, 2013) ("there are 'core' claims intertwined with 'non-core' claims, some of which are subject to a jury trial. And a portion of these claims, if not a majority of them, cannot be finally resolved by the Bankruptcy Court. It is therefore inevitable that, at some point, the reference will need to be withdrawn."); *In re Zante, Inc.*, No. 3:10-CV-00231-RCJ, 2010 WL 5477768, at *1 (D. Nev. Dec. 29, 2010) (withdrawing reference where 8 of 9 causes of action were non-core state law claims). Here, the sole equitable subordination claim is premised on the exact same allegedly actionable conduct supporting the Plaintiffs' eight other state law tort claims. While all of the plaintiffs' claims against the Non-Insider Defendants fail as a matter of law as alleged, if such claims survive a motion to dismiss then any findings of fact concerning the Plaintiffs' eight non-core tort or equitable claims will be integral to any equitable subordination analysis. Therefore, any and all factual determinations in the Adversary Proceeding should be made by one court to avoid inconsistent outcomes. Because eight of the nine causes of action asserted in the Amended Complaint are non-core claims over which the Bankruptcy Court cannot issue a final determination, it is abundantly more efficient for the District Court to determine this matter in the first instance. *See Sec. Farms*, 124 F.3d at 1008 ("In this case efficiency was enhanced by withdrawing the reference because non-core issues predominate.").

MOTION TO WITHDRAW THE REFERENCE

### B.    The Non-Insider Defendants Do Not Consent To The Bankruptcy Court Conducting A Jury Trial

Similarly, the reference must also be withdrawn because the Plaintiffs demand a jury trial concerning their non-core claims and the Non-Insider Defendants do not consent to the Bankruptcy Court conducting the jury trial. *See Cinematronics*, 916 F.2d at 1451 ("where a jury trial is required and the parties refuse to consent to bankruptcy jurisdiction, withdrawal of the case to the district court is appropriate"); *In re Big V Holding Corp.*, No. 00-04372(RTL), 2002 WL 1482392, at *4 (D. Del. July 11, 2002) ("absent the express consent of both parties and a special designation of jurisdiction by the district court, the Bankruptcy Court may not hold a jury trial in a non-core proceeding"); *Beard v. Braunstein*, 914 F.2d 434, 443 (3d Cir. 1990) ("By the Seventh Amendment, any fact found by a jury cannot be reviewed *de novo*. Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding.").

Generally, there is sufficient cause to withdraw the reference when a bankruptcy litigant duly demands a jury trial and the bankruptcy court lacks authority under 28 U.S.C. §157(e) to conduct a jury trial, either because it has not been specifically designated to do so by the district court and/or because not of all of the parties have consented to having the action tried before the bankruptcy court. *See, e.g., In re NDEP Corp.*, 203 B.R. 905, 914 (D. Del. 1996) ("[b]ecause the parties have not expressly allowed the bankruptcy court to hold a jury trial in this adversary proceeding and because this court has not made a special designation of jurisdiction, the bankruptcy court is not statutorily empowered to hold a jury trial in this matter. For this reason alone withdrawal is compelled."); *Nw. Inst. of Psychiatry, Inc.*, 268 B.R. at 85 (where a matter is non-core and a jury trial has been demanded, withdrawal of the reference is appropriate); *Steege v. N. Trust Bank/O'Hare*, N.A., No. 96 C 742, 1996 WL 332428, at *1 (N.D. Ill. June 13, 1996) (citations omitted) (holding that cause to withdraw the reference exists where a "party to a non-core proceeding stands on its right to trial by jury, and the parties do not consent to adjudication by the bankruptcy court."). Bankruptcy judges in this District

have not been specifically designated to conduct jury trials nor do the Non-Insider Defendants consent to having this action tried by a jury before the Bankruptcy Court. Accordingly, "withdrawing the reference is efficient because if the case goes to trial, the trial would have to be conducted in district court." *M. Fabrikant & Sons, Inc. v. Long's Jewelers Ltd.*, No. 08-CV-1982, 2008 WL 2596322, at *3 (S.D.N.Y. June 26, 2008); *see also In re Gulf States Long Term Acute Care of Covington, L.L.C.*, 455 B.R. 869, 877 (E.D. La. 2011) ("even though the Movant–Defendants have not yet demanded a jury trial, the obvious right to such a trial is a factor weighing in favor of withdrawal of the reference.").

Because the Non-Insider Defendants do not consent to a trial in the Bankruptcy Court, ultimately, the trial will have to be held in the District Court. The reference must therefore be withdrawn and any resulting trial conducted by the District Court. The only real question is whether the reference should be withdrawn now or later. *See Transcon Lines*, 121 B.R. at 838 ("Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation."). The Non-Insider Defendants respectfully request that the District Court withdraw the reference now.

### C.   The District Court Is Better Suited To Hear This Case In The First Instance

Because this Adversary Proceeding is similar to a typical district court case – with the corresponding discovery, expert testimony, and other pre-trial proceedings in the event the Plaintiffs' claims survive a motion to dismiss (which they should not) – it will be more efficiently handled in the District Court. Where cases potentially "involve extensive discovery, expert testimony, and a lengthy and complex trial requiring a jury," courts have found cause to withdraw the reference. *See In re Complete Mgmt., Inc.*, No. 01-03459, 2002 WL 31163878, at *3 (S.D.N.Y. Sept. 27, 2002); *In re Braniff Int'l*

*Airlines, Inc.*, 159 B.R. 117, 126 (E.D.N.Y. 1993); *In re Leedy Mortg. Co., Inc.*, 62 B.R. 303, 306 (E.D. Pa. 1986).

Here, the Adversary Proceeding looks nothing like a typical bankruptcy proceeding.  If the case survives the Non-Insider Defendants' contemplated motions to dismiss, the discovery required to determine the necessary facts as to each claim asserted by the Plaintiffs will be voluminous.  The Bankruptcy Court does not normally oversee such extensive discovery.  "All of this contrasts with that which typically occurs before the bankruptcy court," *Leedy*, 62 B.R. at 306, but it is typical fare for the District Court.  The proceedings, including extensive discovery and significant expert testimony, are familiar to district courts.  Additionally, the state law claims at issue in the Adversary Proceeding are common in district court, under either diversity jurisdiction or supplemental jurisdiction.  Quite simply, this case is more appropriately handled by the District Court.  *See NDEP Corp.*, 203 B.R. at 913 (withdrawing reference for type of case "routinely tried in [district] court"); *In re Chateaugay Corp.*, 193 B.R. 669, 675 (S.D.N.Y. 1996) (noting that "non-core matters are those in which the district court is more proficient").

### D.      *Bankruptcy Expertise Is Not Necessary To Resolve This Matter*

Given the nature of the claims in the Adversary Proceeding, the Bankruptcy Court's expertise is not implicated.  The bankruptcy courts are, of course, experts in the field of bankruptcy law.  Thus, when a proceeding involves substantial bankruptcy law questions, such as those pertaining to core claims, it often is more efficient for the proceedings to remain in the bankruptcy court so that the court can apply that expertise.  *Chateaugay*, 193 B.R. at 675 (noting that "[c]ore matters are ones with which the bankruptcy court has greater familiarity and expertise"); *see also Star Route*, 137 B.R. at 806 (same).  That is not the case here.

This case overwhelmingly involves state common law claims brought by non-debtor plaintiffs against non-debtor defendants.  Indeed, there is no reason to believe that the claims in this case will require any "consideration of the interplay between

MOTION TO WITHDRAW THE REFERENCE

bankruptcy and state-law issues." *In re Pacers, Inc.*, No. 11-CV-1401-L BGS, 2012 WL 947956, at *4 (S.D. Cal. Mar. 20, 2012).

Given the nature of the issues here, litigating them in the first instance before the Bankruptcy Court presents no efficiency advantage at all. Instead, it would be far *less* efficient. District courts routinely grant motions to withdraw the reference for this reason. *See Veys v. Riske*, No. C07-5625BHS, 2007 WL 4246172, at *4 (W.D. Wash. Nov. 28, 2007) ("The adversary proceeding does not implicate the bankruptcy court's unique knowledge of Title 11."); *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*, 905 F. Supp. 2d 526, 534 (S.D.N.Y. 2012) (withdrawing reference because plaintiff's claim was "based in state contract law, and there is no indication that any bankruptcy-specific legal analysis will be required"); *NDEP Corp.*, 203 B.R. at 913 (withdrawing reference where proceeding involved non-core state law claims and was thus "somewhat removed from the bankruptcy court's realm of expertise").

## II.    Delay And Cost To The Parties

There will be no undue delay caused by withdrawing the reference and moving this case to the District Court. This case is still at the earliest stages of its development. As noted above, the Amended Complaint has just been filed and the Non-Insider Defendants have not yet responded to the Amended Complaint. As yet, there has been no discovery in the Adversary Proceeding. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 462 B.R. 457, 472 (S.D.N.Y. 2011) ("Finally, as no discovery has taken place, and no case management plan or other course of proceeding has been agreed on, bringing the actions before this Court will not cause undue delay or require any duplication of effort."). This is not the sort of case where the bankruptcy judge has built up great familiarity with the facts underlying these particular claims. On the contrary, up to this point, there have been no facts presented. *Id.* ("And because only issues of law have been presented in the case so far, [the bankruptcy judge's] familiarity with the underlying facts does not weigh in favor of retention of the case before him.").

BOS 47932199v10

Denying this Motion would in fact likely result in more delay for the other bankruptcy proceedings pending before the Bankruptcy Court.  It would be inefficient to clog the proceedings in the bankruptcy case with Rule 12(b)(1) and (b)(6) motions, discovery, and other pretrial motions and procedures that come along with the instant dispute while the Bankruptcy Court remains busy addressing various core claims which directly affect the bankruptcy estate.  Having the Bankruptcy Court address such a litigious, unrelated case alongside the other matters it must resolve in the bankruptcy proceeding itself will cause needless delay.  Because the District Court must review *de novo* any findings of fact and conclusions of law rendered by the Bankruptcy Court, "unnecessary delay and costs to the parties can be avoided by withdrawing the reference." *Tamalpais Bancorp*, 451 B.R. at 11; *see also In re Daewoo Motor Am., Inc.*, 302 B.R. 308, 315 (C.D. Cal. 2003) (holding that the fact that the bankruptcy court's determinations are subject to *de novo* review "could lead [the district court] to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court.") (citation omitted).  If the reference is not immediately withdrawn, the parties will proceed before the Bankruptcy Court.  As described above, any decision by the Bankruptcy Court will have to be reviewed *de novo* by the District Court.  Thus, the parties will be forced to familiarize the District Court with issues and facts at a later date, after having already litigated before the Bankruptcy Court.

Furthermore, if the reference is not withdrawn now, the resulting delay and cost would be compounded if the case were not decided on dispositive motions and instead proceeds to trial.  By contrast, "delay and costs associated with withdrawal would be insignificant because [plaintiff's] adversary complaint is in its early stages." *Veys*, 2007 WL 4246172, at *3.  Bringing the District Court up to speed now, when the case is in its early stages, surely will conserve resources more than revisiting the case with the District Court after completing pre-trial proceedings before the Bankruptcy Court.

MOTION TO WITHDRAW THE REFERENCE

BOS 47932199v10

### III.   Uniformity Of Bankruptcy Administration

Litigating the Plaintiffs' state law tort claims in the court that ultimately must try and finally decide the action will not hinder the administration of the bankruptcy case. The central issues presented here turn on state common law – areas over which the Bankruptcy Court lacks "any special expertise." *Akin Gump*, 462 B.R. at 473; *see also Solutia Inc. v. FMC Corp.*, No. 04 CIV. 2842(WHP), 2004 WL 1661115, at *4 (S.D.N.Y. July 27, 2004) ("Where an action involves garden variety breach of contract matters that are non-core, uniformity in bankruptcy law 'compels withdrawal' of those claims.") (citation omitted).

Additionally, the outcome of the Adversary Proceeding will not affect the administration of Anna's bankruptcy case, because the Plaintiffs are seeking to recover from non-debtor parties.  Consistently, there are no bankruptcy distributions on hold pending the outcome of this litigation.  As such, the District Court's determination of this matter will not interfere with any pending actions in the Bankruptcy Court.

Most fundamentally, because the District Court must ultimately apply *de novo* review to the Bankruptcy Court's rulings, conducting such review promptly will not undermine in any way the uniform administration of the Debtor's bankruptcy.  To the contrary, prompt review will promote uniform administration by ensuring that if the District Court concludes the Plaintiffs' claims fail, such decision will be made as soon as possible.

### IV.   Forum Shopping

The issues in this case will ultimately be resolved by the District Court *de novo* in any event; the only question is whether the parties should be required to litigate them twice – once in the Bankruptcy Court and again here.  As the Ninth Circuit has pointed out, where an adversary proceeding includes claims that cannot be finally adjudicated by the bankruptcy court, forum shopping is not implicated by withdrawing the reference because the district court will be called upon to review *de novo* the claims in any event. *See Sec. Farms*, 124 F.3d at 1008-09 (rejecting the notion that withdrawal of non-core

claims, subject to *de novo* review, encourages forum shopping).  As aptly stated by one court: "because this Court would have to review [the bankruptcy judge's] conclusions of law *de novo* were the case left in the Bankruptcy Court (see above), there is no reason not to do now what must be done eventually."  *Akin Gump*, 462 B.R. at 473.

### Conclusion

For the foregoing reasons, the Non-Insider Defendants respectfully request that the District Court withdraw the reference to the Bankruptcy Court as to the claims asserted against the Non-Insider Defendants and allow such claims to be resolved by the District Court in the first instance.

DATED:  February 9, 2016

GREENBERG TRAURIG, LLP

By: /s/ *Howard J. Steinberg*
    HOWARD J. STEINBERG

*Attorneys for Salus Capital Partners, LLC,*
*Salus CLO 2012-1 Ltd., DCP Linens*
*Lenders, LLC and*
*Downtown Capital Partners, LLC*

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

By: /s/ *Jeffrey A. Davis*
    JEFFREY A. DAVIS

*Attorneys for Fidelity & Guaranty Life*
*Insurance Company*

*Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that* Jeffrey A. Davis*, on whose behalf this filing is jointly submitted, has concurred in this filing's content and has authorized me to file this document.*

By:  /s/  Howard J. Steinberg

BOS 47932199v10

## CERTIFICATE OF SERVICE

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### *P & A Marketing, Inc., et al. v. Anna's Linens, Inc, et al.*

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is **1840 Century Park East, Suite 1900, Los Angeles, CA  90067.**

On February 9, 2016, I served the **NOTICE OF MOTION AND JOINT MOTION OF DEFENDANTS SALUS CAPITAL PARTNERS, LLC, SALUS CLO 2012-1, LTD, DCP LINENS LENDERS, LLC, DOWNTOWN CAPITAL PARTNERS, LLC, AND FIDELITY & GUARANTY LIFE INSURANCE COMPANY FOR WITHDRAWAL OF THE REFERENCE TO THE BANKRUPTCY COURT; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **(BY MAIL)**
I am readily familiar with the business practice of my place of employment in respect to the collection and processing of correspondence, pleadings and notices for mailing with United States Postal Service.  The foregoing sealed envelope was placed for collection and mailing this date consistent with the ordinary business practice of my place of employment, so that it will be picked up this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of such business.

☐ **(BY OVERNIGHT DELIVERY)**
I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **(FEDERAL)**   I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 9, 2016, at Los Angeles, California.

_____
*Kathy Lai*
Kathy Lai

1

**PROOF OF SERVICE**

BOS 47950505

## SERVICE LIST

| | |
|---|---|
| Steven T. Gubner<br>Jason B. Komorsky<br>Michael Davis<br>Jessica L. Bagdanov<br>Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br><br>***Attorneys for Plaintiffs P & A Marketing, Inc., Panda Home Fashions LLC, Shewak Lajwanti Home Fashions, Inc. dba S.L. Home Fashions, Inc., and Welcome Industrial Corporation*** | David B. Golubchik<br>Eve H. Karasik<br>Juliet Y. Oh<br>John-Patrick M. Fritz<br>Levene, Neale, Bender, Yoo & Brill L.L.P.<br>10250 Constellation Boulevard, Suite 1700<br>Los Angeles, California 90067<br><br>***Attorneys for Defendant Anna's Linens, Inc.*** |
| Jeffry A. Davis<br>Mintz Levin Cohn Ferris Glovsky and Popeo P.C.<br>3580 Carmel Mountain Road, Suite 300<br>San Diego, California 92130<br><br>***Attorneys for Fidelity & Guaranty Life Insurance Company*** | Laurence Schoen<br>Mintz Levin Cohn Ferris Glovsky and Popeo P.C.<br>One Financial Center<br>Boston, Massachusetts 02111<br><br>***Attorneys for Fidelity & Guaranty Life Insurance Company*** |
| Anna's Linens, Inc.<br>P.O. Box 10075<br>Costa Mesa, CA 92711-0075 | Anna's Linens, Inc.<br>ATTN: Scott Gladstone, CEO<br>3560 Hyland Avenue<br>Costa Mesa, CA 92626 |
| J. E. Rick Bunka<br>3560 Hyland Avenue<br>Costa Mesa, CA 92626 | J. E. Rick Bunka<br>185 Forestview Pl,<br>Aurora, OH 44202 |
| J.E. Rick Bunka<br>469 Bay Point Blvd.<br>Marblehead, OH, 43440 | Alan Gladstone<br>10 Premiere Point<br>Newport Coast, CA 92657 |
| Scott Gladstone<br>334 Ledroit Street<br>Laguna Beach, CA 92651 | Janet Grove<br>3560 Hyland Avenue<br>Costa Mesa, CA 92626 |
| Janet Grove<br>1100 Union Street, Suite 701<br>San Francisco CA, 94109 | Janet Grove<br>19 Beechwood Ct<br>East Hampton, NY 11937 |

**PROOF OF SERVICE**

BOS 47950505

| | |
|---|---|
| Loren Pannier<br>40 Belcourt Drive<br>Newport Beach CA, 92660 | Shepherd Pryor<br>975 North Avenue<br>Highland Park IL, 60035 |
| Kevin Reilly<br>985 Moraga Road, Suite 203<br>Lafayette, CA 94549 | Kevin Reilly<br>3435 Silver Springs Ct<br>Lafayette, CA 94549 |
| United States Trustee<br>United States Bankruptcy Court<br>Central District of California<br>411 W Fourth Street, Suite 9041<br>Santa Ana, CA 92701 | Honorable Theodor C. Albert<br>United States Bankruptcy Court<br>Central District of California<br>411 West Fourth Street, Suite 5085<br>Santa Ana, CA 92701-4593<br><br>***Conformed copy to be delivered per L.R., Ch. IV, Rule 9*** |

3

**PROOF OF SERVICE**

BOS 47950505